**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2956-17T2

WILMINGTON SAVINGS
FUND SOCIETY, FSB,
as Trustee,

     Plaintiff-Respondent,

v.

YUN SOON PARK,

     Defendant-Appellant.

_____

          Submitted May 6, 2019 – Decided May 15, 2019

          Before Judges Haas and Susswein.

          On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. F-026717-15.

          Yun Soon Park, appellant pro se.

          Stern & Eisenberg, PC, attorneys for respondent (Salvatore Carollo, on the brief).

PER CURIAM

In this residential mortgage foreclosure matter, defendant Yun Soon Park appeals from the trial court's September 1, 2017 order denying her motion to stay the entry of final judgment, and vacate her default. Defendant also challenges the court's November 17, 2017 order denying her motion for reconsideration, and the court's January 26, 2018 order denying her motion for a stay of the prior two orders pending appeal. We affirm substantially for the reasons expressed by Judge Edward A. Jerejian in his thoughtful written statements of reasons accompanying each order.

The parties are fully familiar with the relevant facts of this matter and, therefore, a brief summary will suffice here. On July 30, 2007, defendant executed a $389,600 note to the original lender, Mortgage World Bankers, Inc. (Mortgage World). To secure payment of the note, defendant also signed and delivered a mortgage to Mortgage Electronic Registrations Systems, Inc., as nominee for Mortgage World. Through a series of subsequent assignments documented by plaintiff Wilmington Savings Fund Society, FSB in its pleadings, plaintiff acquired both the note and the mortgage.

Defendant stopped making mortgage payments in December 2008. Plaintiff filed its complaint for foreclosure in August 2015, and served the pleadings upon defendant by leaving them with defendant's cousin, Jennifer Lee,

2

who accepted service at the subject property. Defendant did not file a responsive pleading, and the trial court entered default against her. In July 2017, plaintiff filed a motion for the entry of a final judgment against defendant, who responded by submitting a motion to stay the entry of the judgment and to vacate her default.

On September 1, 2017, Judge Jerejian issued an order denying defendant's motion to vacate the default. The judge found that defendant had not raised any meritorious defense to plaintiff's complaint for foreclosure. See U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 468 (2012). In this regard, Judge Jerejian first rejected defendant's contention that she had not been properly served with plaintiff's complaint. Citing Rule 4:4-4(a)(1), which permits service to be made by leaving a copy of the summons and complaint "at the [defendant's] dwelling place or usual place of abode with a competent member of the household of the age of [fourteen] or over then residing therein," the judge found that plaintiff served the pleadings upon defendant's cousin, an adult who was present at defendant's home.

Next, defendant argued that plaintiff lacked standing to bring the foreclosure action. But, as Judge Jerejian cogently explained:

> The only material issues in a foreclosure proceeding are the validity of the mortgage, the amount of

A-2956-17T2

indebtedness, and the right of the mortgagee to foreclose on the mortgaged property. Great Falls Bank v. Pardo, 263 N.J. Super. 388, 394 (Ch. Div. 1993).

With regard to standing, generally a party seeking to foreclose a mortgage must "own or control" the underlying debt. Wells Fargo Bank[,] N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011). In the absence of such a showing, the plaintiff lacks standing to bring the foreclosure. [Ibid.] Possession of the note at the filing of the foreclosure complaint provides the plaintiff with standing to foreclose. Deutsche Bank Trust Co. Americas v. Angeles, 428 N.J. Super. 315, 319-20 (App. Div. 2012). Furthermore, a mortgagee can establish ownership or control of the mortgage by presenting an authenticated assignment indicating that the mortgagee was assigned the mortgage before it filed the original complaint. N.J.S.A. 46:9-9; Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 225 (App. Div. 2011).

Applying these well-established principles to the case at hand, Judge Jerejian rejected defendant's lack of standing argument, and stated:

Here, [p]laintiff claims it was in possession of the original [n]ote before filing the [c]omplaint. Notwithstanding [p]laintiff's certification, [p]laintiff provides . . . valid assignments of mortgage dated June 16, 2009[,] and May 22, 2014. Plaintiff filed the [c]omplaint commencing this action on August 17, 2015. Therefore, based on the assignment alone, [p]laintiff had the right to bring this foreclosure action at the time it filed the [c]omplaint.

In finding that plaintiff clearly had standing to file the complaint for foreclosure, Judge Jerejian also found that defendant lacked standing to assert

4

that the assignment of the note and mortgage to plaintiff was invalid. As the judge explained, only the parties or third-party beneficiaries to a contract may enforce its terms. Bank of N.Y. v. Raftogianis, 418 N.J. Super. 323, 350 (Ch. Div. 2010) ("[L]itigants generally have no standing to assert the rights of third parties."); See also Giles v. Phelan, Hallinan & Schmieg, L.L.P., 901 F. Supp. 2d 509, 532 (D.N.J. 2012) (finding that the plaintiffs could not challenge the validity of assignments transferring their mortgage from one holder to another); Correia v. Deutsche Bank Nat'l Tr. Co., 452 B.R. 319, 324-25 (B.A.P. 1st Cir. 2011) (holding that debtors lacked standing to argue that assignment of their mortgage violated a pooling and servicing agreement because they were not parties to the agreement, nor third-party beneficiaries thereof).

Following the denial of defendant's motion to vacate the default, the court entered a final judgment of foreclosure on September 21, 2017. Defendant does not challenge this order on appeal.

Instead, defendant thereafter filed a motion for reconsideration of the court's September 1, 2017 order, raising the same arguments she had unsuccessfully presented in her original motion. Judge Jerejian denied defendant's motion for reconsideration on November 17, 2017. Thereafter,

A-2956-17T2

defendant filed a final motion seeking to stay the foreclosure pending appeal, which the judge denied on January 26, 2018. This appeal followed.

On appeal, defendant again argues that plaintiff did not properly serve her with the summons and complaint and, even if this were the case, it lacked standing to bring a foreclosure action against her. Defendant also asserts that the judge erred by denying her motions for reconsideration and for a stay of the foreclosure.

We have considered defendant's contentions in light of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We are satisfied that Judge Jerejian properly denied defendant's motions to vacate the default, for reconsideration of that order, and for a stay for the reasons expressed in his three written opinions. We add the following brief comments.

As Judge Jerejian correctly found in his detailed September 1, 2017 decision, plaintiff properly served the complaint upon defendant pursuant to Rule 4:4-4(a)(1). In addition, defendant failed to demonstrate that she had a meritorious defense to the foreclosure complaint. Plaintiff obviously had standing to bring the complaint because the assignments it produced demonstrated that it possessed the note and mortgage before it sought

foreclosure. Angeles, 428 N.J. Super. at 319-20. Therefore, we discern no basis for disturbing the judge's decision denying defendant's motion to vacate the default.

Turning to the November 17, 2017 order, we review the denial of a motion for reconsideration to determine whether the trial court abused its discretion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996). "Reconsideration cannot be used to expand the record and reargue a motion." Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). A motion for reconsideration is meant to "seek review of an order based on the evidence before the court on the initial motion . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Ibid. (citation omitted).

For these reasons, reconsideration should only be granted in "those cases which fall into that narrow corridor in which either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence." Cummings, 295 N.J. Super. at 384 (internal quotation marks omitted) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401-02 (Ch. Div. 1990)). Therefore, we have held that "the magnitude of the error

cited must be a game-changer for reconsideration to be appropriate." <u>Palombi v. Palombi</u>, 414 N.J. Super. 274, 289 (App. Div. 2010).

Applying these principles, we are satisfied that Judge Jerejian properly exercised his discretion by denying defendant's motion for reconsideration. As the judge explained in his written decision, defendant raised no new arguments in support of her motion and her "[d]isagreement" with the September 1, 2017 order was "not a valid ground for a [reconsideration] motion."

Finally, there was no basis for staying the September 1, or November 17 orders pending appeal. As Judge Jerejian aptly explained in his January 26, 2018 opinion, defendant had not even filed a notice of appeal at that point,[1] and never posted the bond or cash deposit required by <u>Rule</u> 2:9-5.

In addition, defendant failed to demonstrate a substantial likelihood of success on the merits of any proposed appeal, and did not address any of the other factors that must be considered before a stay pending appeal can issued. <u>See</u> <u>Crowe v. De Gioia</u>, 90 N.J. 126, 132-34 (1982). Therefore, we also reject defendant's contention on this point.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Defendant would not file her notice of appeal until March 1, 2018.

A-2956-17T2